UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Board of Trustees of the Teamsters Joint Council 32 – Employers Health and Welfare Fund,<br><br>Plaintiff,<br><br>vs.<br><br>H. Brooks and Company LLC, doing business as H. Brooks and Company, and Jason Jaynes as Manager of H. Brooks and Company LLC, in his personal capacity,<br><br>Defendants. | Case No.: 21-cv-01455 (JRT/BRT)<br><br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONTEMPT** |

## STATEMENT OF FACTS

This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, to collect delinquent employer contributions and withheld employee contributions. Despite being personally served with the Summons and Complaint in this matter (Docket Nos. 4 and 5), Defendants H. Brooks and Company LLC, doing business as H. Brooks and Company ("H. Brooks") and Jason Jaynes did not file a responsive pleading or otherwise appear in this action. Plaintiff filed a Motion for Default Judgment seeking an order to compel Defendants to submit to an audit to determine the amount due in delinquent contributions. (Docket No. 8). The Motion for Default Judgment was served upon Defendants by mail. (Docket No. 14). Defendants did not appear at the motion hearing.

On November 9, 2021, District Court Judge John R. Tunheim issued an Order on

1

Motion for Default Judgment that provided in pertinent part:

> Defendant H. Brooks must submit the required payroll books and records to Plaintiff's third-party administrator, Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, within ten (10) days of the date on which it is served with a copy of this Order.

(Docket No. 16).  Plaintiff sought, unsuccessfully, to have the Court's Order on Motion for Default Judgment personally served upon the Defendants. Declaration of Jane C. Poole ("Poole Decl."), ¶¶ 5, 6.  Serving Defendants through personal service or by mail has been unsuccessful because Defendant H. Brooks' registered office address is now described as "vacant," and mail sent to its registered office address is "returned to sender." *Id.*, ¶¶ 5-7, Exh. 1.  Plaintiff also sought to serve Defendants at a location other than H. Brooks' registered office address but was unsuccessful. *Id.*, ¶ 6, Exh. 2.  As a result of Plaintiff's inability to serve Defendants at its registered office address, substitute service of the Order on Motion for Default Judgment on H. Brooks was accomplished by and through the Minnesota Secretary of State on April 18, 2022. *Id.*, ¶ 8, Exh. 3.

No one from H. Brooks has contacted Plaintiff, its counsel, or its third-party administrator Wilson-McShane Corporation at any time in this case. *Id.*, ¶ 10. Defendants have failed to comply with this Court's Order and should be held in contempt of court.

## ARGUMENT

Courts have authority to award sanctions for contempt in ERISA collection cases where the Defendant and/or its representative fails to participate in discovery for purposes

of determining the amount of liability for unpaid fringe benefit contributions. *Greater St. Louis Const. Laborers Welfare Fund v. Marshall Contracting, LLC,* 2012 WL 4759772, at 1 (E.D. Mo. Oct. 5, 2012).

Courts in this circuit have recognized that appropriate sanctions include monetary fines and the issuance of a writ of body attachment for incarceration until the contempt is purged. *See Fischer v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340 (8th Cir. 1975) (awarding the movant costs, including attorneys' fees, as a sanction for the other party's contempt of court); *Painters Dist. Council No. 2 v. Paragon Painting of Missouri, LLC,* 2011 WL 4759772 (E.D. Mo. Sept. 1, 2011) (monetary fine of $200 per day and writ of body attachment).

Plaintiff is mindful that proper notice to Defendants of the Order on Motion for Default Judgment and of these contempt proceedings is required. *See Fischer*, 526 F.2d at 1343. Providing such notice is difficult here because Defendant H. Brooks' registered office address is "vacant" and mail is "returned to sender – unable to forward." Poole Decl., ¶¶ 5, 7. As a result, Plaintiff was unable to serve Defendant H. Brooks with the Order on Motion for Default Judgment either by personal service or mail at its corporate office. Instead, Plaintiff served Defendant H. Brooks with the Order on Motion for Default Judgment through the Minnesota Secretary of State on April 18, 2022. *Id.*, ¶ 8, Exh. 3.

H. Brooks is an entity governed by Minnesota Statute Chapter 322C. *Id.*, ¶ 9. When no agent, officer, manager, or general partner can be found at the address on file with the secretary of state, substitute service by and through the Minnesota Secretary of State is permitted under Minn. Stat. § 322C.0116, subd. 2, and Minn. Stat. § 5.25, subd. 3. *Id.*, ¶ 9.

3

Pursuant to Minn. Stat. § 5.25, subd. 7, H. Brooks had thirty (30) days to respond to the mailing of service by the Minnesota Secretary of State. More than thirty (30) days have passed since mailing of the Order on Motion for Default Judgment to Defendant H. Brooks by the Minnesota Secretary of State, and H. Brooks has failed to comply with the Order.

Substitute service of process upon Defendant H. Brooks through the Minnesota Secretary of State under Minn. Stat. § 5.25 complies with the requirements for effective service of a Summons and Complaint under the Federal Rules of Civil Procedure, Rules 4(h)(1)(A) and 4(e)(1). If such service is sufficient to constitute effective service for purposes of commencing litigation, it should be sufficient means of service of the Order on Motion for Default Judgment and this Motion for Contempt. To hold otherwise would leave Plaintiff unable to enforce an Order against a business entity that is registered to do business in this State. Following the electronic filing of its Motion for Contempt, Plaintiff will attempt personal service of its Motion for Contempt upon Defendant H. Brooks at its registered office address and if it remains vacant, Plaintiff will serve Defendant H. Brooks with the Motion for Contempt through the Minnesota Secretary of State.

Plaintiff requests that a monetary fine of $200.00 per day be imposed for each day of Defendant H. Brooks' non-compliance with the Order on Motion for Default Judgment. Plaintiff further request that Defendants be ordered to pay Plaintiff's attorney fees and costs in bringing this motion.

Dated this 8th day of July 2022     ANDREW, BRANSKY & POOLE, P.A.

s/Jane C. Poole
Jane C. Poole, #0391069
302 West Superior Street, Suite 300
Duluth, MN 55802
Ph.: (218) 722-1764
Fax: (218) 722-6137
jpoole@duluthlawfirm.com

Attorneys for Plaintiff
